USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACKIE COURTNEY,                              :       REPORT AND
                                              :       RECOMMENDATION
                                              :
                      Plaintiff,              :       13 Civ. 2884 (AJN) (JLC)
       -v.-                                   :
                                              :
CAROLYN W. COLVIN,                            :
Acting Commissioner of Social Security,       :
                                              :
                      Defendant.              :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Alison J. Nathan, United States District Judge:**

Pro se Plaintiff Jackie Courtney brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Acting Commissioner of Social Security (the "Commissioner") denying his claim for Social Security Supplemental Security Income ("SSI") benefits. The Commissioner has moved to dismiss the Complaint on the ground that it was not timely filed. For the reasons that follow, I recommend that the motion be GRANTED.

## I. BACKGROUND

Courtney applied for SSI benefits on August 9, 2010. See Declaration of Donald V. Ortiz, dated June 19, 2013 ("Ortiz Decl."), (Dkt. No. 11), Exhibit 1 ("Ex. 1"), at ECF page number 4).[1] The application was denied, and Courtney requested a hearing, which was held on

---

[1] The Commissioner submitted the Ortiz Declaration in support of her motion. Ortiz is Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability and Review, Social Security Administration. (Ortiz Decl. at 1).

USDC SDNY
DATE SCANNED 10/17/13

December 13, 2011. Id. Thereafter, the Administrative Law Judge ("ALJ") denied Courtney's claim in a decision issued on January 3, 2012 (the "ALJ's Decision"). Id. at ¶ 3(a), Exhibit 1.[2]

Courtney then sought review of the ALJ's decision, and on February 15, 2013, the Appeals Council sent Courtney a letter (the "Council Letter") denying his request for review and informing him that he had 60 days from receipt of the letter to file a civil action in federal court. Id. at ¶ 3(a), Exhibit 2.[3] The Council Letter further stated that the date of receipt was assumed to be five days after the date of the letter, unless Courtney could show that he did not receive it within the five-day period. (Id. at 2). The Council Letter was sent to Courtney at his Park Avenue address in the Bronx, the same address as the one listed in his Complaint. Id.

Courtney, proceeding pro se, filed his Complaint ("Compl.") using a Southern District form on April 29, 2013. (Dkt. No. 2). He also submitted a Request to Proceed In Forma Pauperis, which was granted by the Court on May 3, 2013. (Dkt. Nos. 1, 3). Courtney alleged in

---

[2] In light of the Court's determination that the Commissioner's motion is properly made on the basis of Rule 12(b)(6), and not 12(b)(1) of the Federal Rules of Civil Procedure, see infra pp. 4-5, the Court cannot consider materials outside the Complaint without converting the motion into one for summary judgment under Rule 56. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-55 (2d Cir. 2006). However, the Court can properly consider the ALJ's Decision attached to the Ortiz Declaration, which is not part of the Complaint, because Courtney had actual notice of the ALJ's Decision—indeed, it was addressed to him—and the document is integral to his claim in that Courtney has relied on the effects of the ALJ's Decision in drafting his Complaint. See Rodriguez ex rel. J.J.T. v. Astrue, 10 Civ. 9644 (PAC) (JLC), 2011 WL 7121291, at *1 n.2 (S.D.N.Y. July 25, 2011) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)), adopted by 2012 WL 292382 (S.D.N.Y. Jan. 31, 2012); see also Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995) (although court limited to facts as stated in complaint, it may consider documents incorporated by reference without converting motion to one for summary judgment)). Furthermore, the Court's consideration of the ALJ's Decision is proper to the extent that Courtney referred to it in the Complaint. See Chambers, 282 F.3d at 152-53 (citations omitted); Compl. ¶ 6 (alleging that "[t]he Social Security Administration disallowed plaintiff's application" in the ALJ's Decision).

[3] Courtney attached the Council Letter to his Complaint as required by the Southern District form, and it is properly considered under Rule 10(c) of the Federal Rules of Civil Procedure. For clarity, when citing to the Council Letter, I will cite to it as "Council Letter, Compl. Ex. A" and use the corresponding page numbers of the three-page letter itself.

his Complaint that he received the Council Letter on February 24, 2013. Compl., at ¶ 8. Apparently recognizing that the timeliness of his Complaint was an issue, Courtney handwrote the following at the bottom of his Complaint (on page 2):

> PLAINTIFF IS LATE FILING APPEAL BECAUSE OF ILLNESS. IDENTITY WAS STOLEN AND THE (sic) WAS NOTIFIED, AND WAS UNAWARE OF THAT. BECAME AWARE OF BOTH ISSUE (sic) AFTER NEW ADDRESS CHANGE.

On August 16, 2013, the Commissioner moved to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Commissioner's Memorandum of Law in Support of Motion to Dismiss ("Comm. Mem") at 1 (Dkt. No. 12)). Specifically, the Commissioner contends that Courtney's Complaint should be dismissed as untimely pursuant to 42 U.S.C. § 405(g) because the action was not commenced within 60 days after his presumed receipt of the Council's Letter (that is, the final decision of the Commissioner). (Id.).

Courtney filed an affirmation in opposition to the motion to dismiss on a Southern District form on August 28, 2013. (Dkt. No. 13). In his Affirmation, Courtney attached a number of documents and stated the following (on page 2):

> I'VE PROVIDED COPY OF DOCUMENTS TO SHOW THAT I'VE BEEN HAVING PROCEDURES TO FIND OUT WHY I CAN'T HOLD FOOD ON STOMACK (sic); WHICH IN TURN EFFECT (sic) MY WEIGHT, ENERGY, SOCIAL SETTINGS AND LIFE IN GENERAL, WHICH ARE DATED 25 APR 13 FROM MONTEFIORE. I HAVE ALSO PROVIDED DOCUMENTS TO SHOW THAT I HAVE BEEN DEALING WITH THE FBI (VARIOUS DATES) CONCERNING MY IDENTITY BEING STOLEN AND USED IN MULTIPLE STATES WITH MULTIPLE COMPANIES AND AGENCIES; INCLUDING BUT NO (sic) LIMITED TO THE NYPD, FEMA, D.O.H., CREDIT CARD, LOAN, AND BANK COMPANIES; WHICH ALL HAVE BEEN OVERWHELMING TO MY HEALTH AS WELL AS FINACILLY (sic) BECAUSE OF ALL

THE PAPER WORK WITH DIFFERENT LEVELS OF LAW ENFORCEMENT IN MULTIPLE STATES AND COURTS.

The Commissioner did not file any reply.

## II. DISCUSSION

### A. Standard of Review

"A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." Gelber v. Stryker Corp., 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011) (citing Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989)). Indeed, a motion to dismiss on statute of limitations grounds, as the Commissioner's motion here, "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." Nghiem v. U.S. Dep't of Veterans Affairs, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006), aff'd, 323 F. App'x 16 (2d Cir. Mar. 31, 2009) (summary order), cert. denied, 558 U.S. 1137 (2010). The reason Rule 12(b)(6) provides "the most appropriate legal basis" for such a motion is "because expiration of the statute of limitations presents an affirmative defense." Id. Accordingly, in deciding the motion, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

### B. Courtney's Social Security Claim

#### 1. The Complaint Is Untimely

It is well-established that the United States cannot be sued without its consent. See, e.g., United States v. Navajo Nation, 556 U.S. 287, 289 (2009); Cnty. of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010). Courtney seeks review of the Commissioner's final decision

denying him benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), which provides the requisite consent to be sued:

> Any individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such a decision by a civil action commenced within 60 days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

42 U.S.C. § 405(g).

The Act provides that the remedy available under Section 205(g), codified at 42 U.S.C. § 405(g), is exclusive. Specifically, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

The Code of Federal Regulations establishes further guidelines regarding the statute of limitations for filing a civil action pursuant to this exclusive remedy provision:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual . . . . [T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). Because the 60-day limit is a statute of limitations, "it is a condition on the waiver of sovereign immunity and thus must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479 (1986). The Supreme Court has stated that "an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in [the Act], to impose a 60-day limitation upon judicial review of the Secretary's final decision." Califano v. Sanders, 430 U.S. 99, 108 (1977).

Here, the Appeals Council issued its decision denying Courtney's request for review on February 15, 2013, and specifically informed Courtney that he had 60 days after the receipt of the letter to file a civil action. (Council Letter, Compl. Ex. A at 2). It further provided that "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." Id. The Council Letter was sent to the same address that Courtney listed on his Complaint. See Complaint ¶ 2 with Council Letter at 1. Under the applicable regulation, Courtney was presumed to have received the Council Letter five days later, or by February 20, 2013. 20 C.F.R. § 422.210(c). Given that time line, Courtney was required to file a civil action (unless he received an extension of his time to file – something he did not request) 60 days after February 20, 2013, or by April 22, 2013. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).[4] However, Courtney did not file his Complaint until April 29, 2013, seven days late.

Many courts have dismissed social security cases under similar circumstances. See, e.g., Pressley v. Astrue, No. 12 Civ. 8461 (NSR) (PED), 2013 WL 3974094, at *2-3 (S.D.N.Y. Aug. 2, 2013) (5 days late); Marquez v. Commissioner of Social Security, No. 12 Civ. 8151 (PAE) (SN), 2013 WL 3344320, at *4 (July 2, 2013) (one month late); Rodriguez ex rel. J.J.T. v. Astrue, 10 Civ. 9644 (PAC)(JLC), 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (21 days late); Smith v. Commissioner of Social Security, No. 08 Civ. 1547, 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010) (4 days late); Reyes v. Astrue, 07 Civ. 10560 (GBD) (RLE), 2008 WL 4155362, at *1 (S.D.N.Y. Sept. 9, 2008)

---

[4] As the Commissioner observed in her motion papers, sixty days after February 20, 2013 was April 21, 2013, a Sunday. Thus, Courtney had until the next business day, April 22, 2013, to file his complaint under Fed. R. Civ. P. 6(a)(1)(c), 6(a)(6)(A). See Comm. Mem. at 5 n.2.

(two months late); Johnson v. Comm'r of Social Security, 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (9 days late).[5]

Courtney stated in his Complaint that he received the Council Letter on February 24, 2013, nine days after the notice was issued rather than the presumed five days. As a threshold matter, this unsupported suggestion of a possible delay in receipt of the Council Letter is insufficient to rebut the presumed five-day notice. See, e.g. Marquez, 2013 WL 3344320, at *4 (even granting pro se plaintiff's complaint "liberal interpretation to which it is entitled," unexplained statement of delay in receipt, "standing alone, does not constitute a 'reasonable showing to the contrary' within the meaning of 20 C.F.R. § 422.210(c)"); Guinyard v. Apfel, No. 99 Civ. 4242 (MBM), 2000 WL 297165, at *3 (S.D.N.Y. Mar. 22, 2000) ("naked assertion" of delayed receipt of Commissioner's final decision insufficient to rebut presumption of receipt within five days, "for otherwise any claimant missing the filing deadline could evade the limitations period simply by asserting belated receipt of the decision without presenting any affirmative evidence of the tardy arrival"). Moreover, as the Commissioner notes, given that February 24, 2013 was a Sunday, a day on which mail is not delivered, Courtney's claim of receipt is "unworthy of credit" and fails to rebut the five-day presumption of receipt. Comm. Mem. at 6.

In any event, even if the Court credits Courtney's date of receipt, the Complaint is still untimely. Sixty days following February 24, 2013 is April 25, 2013, and, by Courtney's own admission, the Complaint was not filed until April 29, 2013, four days

---

[5] All of these cases except Pressley involved plaintiffs proceeding pro se.

after the deadline for filing. Thus, under any scenario, Courtney's Complaint is untimely.[6]

### 2.   Equitable Tolling Is Not Warranted

Although Courtney's Complaint is untimely, the Court can still review it if the doctrine of equitable tolling applies. See Bowen, 476 U.S. at 479. "[C]ases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the [Social Security Administration's] judgment is inappropriate.'" Id. at 480 (quoting Matthews v. Eldridge, 424 U.S. 319, 329 (1976)). To this end, the Supreme Court has held that the application of the doctrine of equitable tolling to the 60-day requirement of § 405(g) is "fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" Bowen, 476 U.S. at 480 (quoting Honda v. Clark, 386 U.S. 484, 501 (1967)).

Equitable tolling "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408 (2005)). Application of the doctrine is appropriate only "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations and quotations omitted); see also, e.g., Bowen, 476 U.S. at 481 (equitable tolling appropriate where "Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights"); Canales

---

[6]   In this case, the Complaint is dated April 29, 2013, it was received by the Pro Se Office on April 29, 2013, and filed on the docket on April 29, 2013, so there can be no other operative date from which to calculate the timeliness of the Complaint on the back end.

v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991) (equitable tolling may be warranted for untimely complaint where claimant had mental impairment).

In examining the Complaint in the light most favorable to Courtney, I find that there is nothing in the record before the Court to demonstrate that Courtney has been diligently pursuing his rights or that any "extraordinary" circumstances caused him to file his complaint after the 60-day period had expired. See Barnhart, 417 F.3d at 279. Courtney claims that he filed his Complaint late due to: (1) illness; (2) stolen identity; and (3) an address change. See Compl., at page 2. These claims are not sufficient to invoke the doctrine of equitable tolling.

The Second Circuit has made clear that illness cannot serve as a basis to toll the statute of limitations, observing that to "[a]llow disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine [the Social Security Act's] sixty-day limitation period." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988). See also Bender v. Astrue, No. 09 Civ. 5738 (KAM), 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (alleged medical ailments did not constitute extraordinary circumstances justifying equitable tolling). The record before the Court does not support equitable tolling on this basis.[7]

In addition, Courtney has not explained how a change of address or an alleged identity theft prevented him from timely filing his lawsuit. No change of address appears evident from the record before the Court. As previously noted, the same address is listed on the Complaint filed on April 29, 2013 as was listed in the Council Letter sent to

---

[7] The only medical evidence offered by Courtney in opposition to the motion is a one-page endoscopy suite discharge instruction sheet from Montefiore Hospital that he received, apparently upon his discharge from the hospital. Courtney Affirmation, at page 3 (Dkt. No. 13).

9

Courtney on February 15, 2013.[8] And Courtney acknowledges that he received the Council Letter on February 24, 2013. As to identity theft, the only information that Courtney provides are a letter to him (at the Park Avenue address in the Bronx) from the Federal Bureau of Investigation dated March 8, 2013 making reference to an undated letter concerning his criminal history record, a non-criminal fingerprint application on an NYPD Form dated April 10, 2013, and a letter from Federal Emergency Management Agency (also sent to the Park Avenue address) dated August 12, 2013 regarding his request for the review of a decision concerning a debt Courtney apparently owes. Courtney Affirmation, at pages 4-6 (Dkt. No. 13). These documents do not explain any issues related to identity theft, nor do they warrant any invocation of equitable tolling.

---

[8]   I note that Notice of the ALJ's Decision dated January 3, 2012 was sent to a different address for Courtney (a street address in Brooklyn, not at his current residence in the Bronx). See Ortiz Dec., ¶ 3(a), Exh. 1.

In sum, I find no basis in the record that would entitle Courtney to equitable tolling. While the result here may be harsh, given that Courtney only missed his filing deadline by a few days, the 60-day limit is a statute of limitations that must be strictly construed because it is a condition of a sovereign immunity waiver. As the Supreme Court has counseled, it is for Congress and not the courts to modify procedural requirements for obtaining judicial review of administrative decisions. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Ultimately, "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." Sanders, 430 U.S. at 108.

### III. CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's motion to dismiss be GRANTED.

11

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Alison J. Nathan and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Nathan. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Courtney does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from the Commissioner. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
October 17, 2013

_____
JAMES L. COTT
United States Magistrate Judge

**A Copy of this Report and Recommendation has been sent by ECF to counsel and mailed to:**

Jackie Courtney
3000 Park Avenue #4J
Bronx, NY 10451

12