UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JACKIE COURTNEY,

                Plaintiff,

    -v-

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------------------------------------X

13 Civ. 02884 (AJN)

MEMORANDUM AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 1 4 2014

ALISON J. NATHAN, District Judge:

    The pro se Plaintiff in this matter, Mr. Jackie Courtney, has filed a Complaint against the Defendant Acting Commissioner of Social Security (the "Commissioner") seeking judicial review of a final decision denying Mr. Courtney's claim for Social Security Supplemental Security Income ("SSI") benefits. (Compl. at 1). On February 15, 2013, the Appeals Council denied Mr. Courtney's request for review and on February 24, 2013, Mr. Courtney received the Appeals Council letter informing him of this decision and the 60 day limitations period, which commenced upon receipt of the letter. (Compl. at 2-4). The Complaint was filed on April 29, 2013, and included a handwritten note stating "Plaintiff is late filing appeal because of illness, identity was stolen and the [*sic*] was notified, and was unaware of that. Became aware of both issue[s] after new address change." (Compl. at 2).

    The Commissioner moved to dismiss, arguing that the Complaint was not filed with the 60 day statute of limitations provided by 42 U.S.C. § 405(g). (Mot. at 1) Mr. Courtney opposed, submitting documents that he contended demonstrated (1) that he was ill and unable to "hold

food on [his] stomac[h]" and had been dealing with the FBI concerning his identity having been stolen. (Opp. at 2).

The motion was referred to Magistrate Judge Cott for a Report and Recommendation, which issued on October 17, 2013, and recommended granting the motion to dismiss. Magistrate Judge Cott concluded that the Complaint was not timely filed because it was filed after the 60 day limitations period expired. (R&R at 4-8). Magistrate Judge Cott further construed Mr. Courtney's assertions regarding his illness, the theft of his identity, and his claimed address change as an invocation of the doctrine of equitable tolling, but determined that equitable tolling was not warranted. (R&R at 8-11).

Mr. Courtney filed an objection to the R&R on November 4, 2013, which stated, in full, "I have provided proof of me being ill and documentation show [*sic*] all of the other stuff I've been dealing with recently. I've upheld all of the dates to [the] best of my ability. I have attached medical and procedure documents as well as documents to show some of the processes." (Obj. at 1). Defendant responds that Mr. Courtney has not raised a proper objection but has simply reasserted the same arguments made before Magistrate Judge Cott.

I.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b)(1) provides that a magistrate judge may hear a dispositive motion and enter a recommended disposition of that matter. *See also* 28 U.S.C. § 636(b)(1)(B). Within fourteen days of being served with a copy of such a recommended disposition, a party may serve and file written objections to that recommendation, and "the district judge must determine *de novo* any part of the recommended disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(2), (3); *see also* 28 U.S.C. § 636(b)(1). However, a district court applies a "clearly erroneous" standard in reviewing a report and

recommendation to which a party makes only a conclusory or general objection, or simply reiterates his original arguments. *Coble v. Rock*, No. 12-cv-6587, 2013 U.S. Dist. LEXIS 135674, at *3-4 (S.D.N.Y. Sept. 20, 2013); *Laster v. Mancini*, No. 07 Civ. 8265, 2013 U.S. Dist. LEXIS 138599, at *6-7 (S.D.N.Y. Sept. 25, 2013). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Laster*, No. 07 Civ. 8265, 2013 U.S. Dist. LEXIS 138599, at *7 (quotation marks omitted).

In this case, Mr. Courtney has merely reiterated his arguments made before Magistrate Judge Cott, and a clearly erroneous standard of review would be appropriate. However, even reviewed *de novo* the Court does not find any error in Magistrate Judge Cott's decision.

## II.   THE COMPLAINT WAS NOT TIMELY FILED

From the face of Mr. Courtney's Complaint, it is clear that he did not comply with the 60 day limitations period: taking his allegations as true, he filed his complaint 64 days after receiving the notice from the Appeals Council triggering the limitations period. (Compl. at 2-3). Indeed, he concedes as much in his handwritten note on the face of the Complaint and does not contest this point in his papers before Magistrate Judge Cott and this Court. As the Magistrate Judge correctly held, as a waiver of sovereign immunity Section 405(g)'s sixty day deadline is strictly construed and courts in the Second Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely. *Bowen v. New York*, 476 U.S. 467, 479 (1986); *Pressley v. Astrue*, No. 12 Civ. 8461, 2013 U.S. Dist. LEXIS 109736, at *6-7 (S.D.N.Y. June 12, 2013) (five days late); *Carmichael v. Astrue*, No. 12-CV-6547T, 2013 U.S. Dist. LEXIS 34182, at *6 (W.D.N.Y. Mar. 12, 2013) (five days late); *Ware v. Astrue*, No. 12 Civ. 3381, 2013 U.S. Dist. LEXIS 16256, at *3 (S.D.N.Y. Feb. 6, 2013) (nine days late); *Smith v. Comm'r of Soc. Sec.*, No. 08-cv-1547, 2010 U.S. Dist. LEXIS 136002, at *4 (E.D.N.Y. Dec. 22, 2010) (four days

late).

## III.     PLAINTIFF HAS NOT PROVED A BASIS FOR EQUITABLE TOLLING

The sixty day deadline in § 405(g) is, however, potentially subject to equitable tolling which may excuse a claimant's failure to file the complaint on time. *See Bowen*, 476 U.S. at 480. However, to obtain the benefit of equitable tolling a claimant must prove (1) that he acted with reasonable diligence during the time period to be tolled and (2) extraordinary circumstances justify the application of the doctrine. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

Liberally construed, and as Magistrate Judge Cott noted, Plaintiff asserts three potential grounds for equitable tolling: illness which made it difficult for him to "hold food on his stomach;" the theft of his identity; and a claimed change of address. (Opp. at 2; Compl. at 2). Plaintiff has failed to carry his burden to show that equitable tolling should apply. As to Plaintiff's illness, none of the materials submitted with Plaintiff's Complaint or in connection with the motion to dismiss demonstrates that Plaintiff was so ill that it affected his ability to comply with the deadline. (Compl. at 1 & accompanying exhibits; Opp. at 2-3). Even if illness were sufficient in some circumstances to justify the application of equitable tolling, Plaintiff has not established that this is such a case. *See Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) ("Allowing disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine Section 205(g)'s sixty-day limitation period."); *Bender v. Astrue,* No. 09-cv-5738, 2010 U.S. Dist. LEXIS 86219, at *13 (E.D.N.Y. Aug. 23, 2010) ("Although tolling on the basis of illness requires a case-specific inquiry, poor health is generally not grounds for equitable tolling under 42 U.S.C. § 405(g) . . . ."); *Liranzo v. Astrue*, 07-cv-5074, 2010 U.S. Dist. LEXIS 15840, at *10-11 (E.D.N.Y. Feb. 19, 2010); *Davila*

4

*v. Barnhart*, 02 CIV. 194, 2002 U.S. Dist. LEXIS 5260, at *6-7 (S.D.N.Y. 2002).

Likewise, as to Plaintiff's alleged identity theft and change of address, the Court agrees with Magistrate Judge Cott that the record does not demonstrate that any identity theft or change of address precluded him from complying with the statutory deadline. Even taking at face value Plaintiff's claims that these events occurred, they do not appear to be the sort of extraordinary circumstances justifying equitable tolling. *See, e.g., Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) ("[Plaintiff's] conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."); *Bender*, No. 09-cv-5738, 2010 U.S. Dist. LEXIS 86219, at *14-15 (health issues and computer malfunctions did not rise to the level of extraordinary circumstances); *Liranzo*, 07-cv-5074, 2010 U.S. Dist. LEXIS 15840, at *10-11 (failure to check mail often enough, possibility that mail was stolen, and health issues did not warrant equitable tolling).

The Court denies Plaintiff's objections to the Report and Recommendation and adopts it in full. The motion to dismiss is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from its order would not be taken in good faith and, therefore, that in forma pauperis status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: January 14, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge

COPY MAILED TO
PRO SE PARTY
1/14/14